**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DONNA HANDFORTH, individually
and on behalf of all others similarly
situated,

        Plaintiff,

vs.                                           Case No. 3:09-cv-361-J-32MCR

THE STENOTYPE INSTITUTE
OF JACKSONVILLE, INC., a Florida
corporation and GLORIA J. WILEY,
individually,

        Defendants.

## **ORDER**[1]

Plaintiff Donna Handforth brought this putative class action against Defendants Stenotype Institute of Jacksonville, Inc. ("Stenotype") and Gloria J. Wiley ("Wiley"), seeking declaratory and injunctive relief for Defendants' alleged violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq*. ("FDUPTA"). Despite the state law nature of the claim and a lack of diversity between the named parties, Plaintiff filed her complaint in this Court pursuant to the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d) ("CAFA"). The Court *sua sponte* raised the question of whether CAFA jurisdiction over this matter is proper and ordered limited discovery on the issue. The parties have filed memoranda in support of their positions (Docs. 16, 17)*.*

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

**I.	Background**

Stenotype is a vocational school based in Jacksonville, Florida, which specializes in stenography training for individuals seeking to become court reporters.[2] Wiley, a Florida citizen, has been Stenotype's principal shareholder since 2004. In 2006, Stenotype began to offer a two-year "Basic Machine Shorthand" court reporting training program alongside its more traditional options, which contemplate completion in four or five years. Between 2006 and 2009, 477 individuals enrolled in the two-year program.

Plaintiff, a Jacksonville resident, enrolled in Stenotype's two-year program in May 2007 but was unable to complete it within two years. She alleges that the two-year offering was "virtually impossible to complete" within the stated time-frame and was therefore a "bait-and-switch" which forced enrollees to either drop the program or expend additional money to achieve the proficiency standard required for completion.[3] (Doc. 1 at 2). Based upon her contention that "no one has been able to successfully complete the two year program," Plaintiff seeks relief under FDUPTA on her own behalf and that of numerous unnamed class members. (Id.)

---

[2]Stenotype has two campuses at which its programs are offered – in addition to its Jacksonville base, Stenotype operates a second location in Orlando, Florida.

[3]Defendants note that while there are designated times for completion of the programs, graduation is predicated upon the student achieving an established proficiency standard for court reporters. As a result, Defendants contend that all students, including Plaintiff, "are made aware and acknowledge in writing that they may or may not complete the program within the designated time-frame." (Doc. 17 at 3).

2

**II.    Discussion**

   *A.    CAFA*

Plaintiff contends that CAFA grants this Court original jurisdiction over her action. CAFA provides for federal diversity jurisdiction in certain class actions brought pursuant to Fed.R.Civ.P. 23.[4]  Specifically, § 1332(d)(2) states that:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
>   (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

28 U.S.C. § 1332(d)(2).  In addition to the amount in controversy and minimal diversity requirements set forth in § 1332(d)(2) and (d)(2)(A), CAFA mandates that the proposed class exceed 100 members.  Id. § 1332(d)(5)(b).  Defendants do not dispute that CAFA's amount in controversy and numerosity requirements are met, as there are a total of 477 potential class members, each of whom paid $19,200 in tuition to Stenotype (for upwards of $9,000,000 in potential damages).  However, they argue that Plaintiff has failed to establish that any member of the putative class of plaintiffs is diverse from either Defendant.

   *B.    Minimal Diversity*

The party seeking to invoke the federal forum traditionally bears the burden of persuasion on jurisdictional issues such as citizenship of the parties.  Kerney v. Fort Griffin

---

[4]The class in this case has not been certified; as this Order addresses only the question of jurisdiction, the Court need not determine whether the class meets the requirements of Rule 23 at this time.

3

Fandangle Ass'n, Inc., 624 F.2d 717, 719 (5th Cir. 1980).[5] While CAFA is silent on this issue, the Eleventh Circuit has held that the same rule applies to purported CAFA actions. See Miedema v. Maytag Corp., 450 F.3d 1322, 1328 (11th Cir. 2006)(holding that CAFA does not alter the well-established rule that a proponent of subject matter jurisdiction bears the burden of persuasion on the amount in controversy). As a result, Plaintiff bears the burden of demonstrating that at least one member of the putative class is diverse from Defendants, both of whom are citizens of Florida. See Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P., 588 F.Supp. 2d 329, 334 (E.D.N.Y.2008).

Plaintiff's complaint addresses the minimal diversity requirement with the following allegation: "[o]n information and belief, at least two Class members are citizens of states other than Florida. One Class member left Florida when her husband, who was in the military, was transferred to a base in another state; and a second Class member commuted to [Stenotype] from Georgia." (Doc. 1 at 3). Following limited discovery on the jurisdictional issue, Plaintiff learned that pursuant to Stenotype's records, eight of the 477 potential class members had a last known address outside the state of Florida. Plaintiff argues that these allegations are sufficient to satisfy CAFA's minimal diversity requirement.

In response, Defendants first contend that "in a class action, the citizenship of the *named plaintiffs,* as opposed to the entire class, is determinative of whether diversity jurisdiction exists." (Doc. 17 at 5)(citing 7A Wright, Miller & Kane, *Federal Practice and*

---

[5]In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

*Procedure:* Federal Rules of Civil Procedure 3d § 1755). Because Ms. Handforth, the only named plaintiff, is apparently a citizen of Florida, Defendants argue that diversity is lacking on the face of the complaint. However, while the named parties rule applies in the complete diversity context, CAFA's minimal diversity standard does not require that the diverse plaintiff be a named party. Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 n.24 (11th Cir. 2007)("The new § 1332(d) replaces [the] 'complete diversity' requirement with a 'minimal diversity' requirement under which, for purposes of establishing jurisdiction, only one member of the plaintiff class - *named or unnamed* - must be diverse from any one defendant")(internal citations omitted and emphasis added). Thus, Plaintiff need only persuade the Court that one unnamed class member is a citizen of a state other than Florida to satisfy CAFA's minimal diversity requirement.

Defendants argue that Plaintiff has not met this burden, as she has failed to support her alleged jurisdictional facts with competent proof. Defendants are correct on this point. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)("[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case... no presumptive truthfulness attaches to plaintiff's allegations")(internal citation and quotation omitted). While Plaintiff's complaint alleges that "[o]n information and belief, at least two Class members are citizens of states other than Florida," the underlying jurisdictional facts – namely, that one putative class member commuted from Georgia and another relocated to another state at some point after enrollment – are inconclusive at best on the question of citizenship. The Court ordered limited discovery to ensure that all elements of CAFA jurisdiction were present in this case, obligating Plaintiff to provide factual support for such

allegations. The totality of proof of minimal diversity provided by Plaintiff in response to the Court's jurisdictional inquiry is an interrogatory response wherein Stenotype disclosed that eight of the 477 potential class members had a last known address outside Florida. (Doc. 16-2). Armed with that information, Plaintiff addressed the issue of minimal diversity in her supplemental brief as follows: "[Stenotype] admitted that there were at least [eight] members of the Plaintiff Class who are known to reside outside the state of Florida based on the last known address provided to [Stenotype]. Because CAFA only requires minimal diversity with at least one member of the plaintiff class being diverse from one defendant, this... element is... satisfied." (Doc. 16 at 3). Plaintiff's supplemental brief makes no mention of the two putative class members whose "citizenship" is alleged in the complaint; presumably, they are among the eight students for whom Stenotype's records indicate an out-of-state address.

Reliance on Stenotype's address records, with no additional verification and nary an allegation as to the citizenship of the eight potential out-of-state class members, is insufficient to support diversity jurisdiction. As noted by Defendants, "last known residence and citizenship are not synonymous." (Doc. 17 at 5). It is settled law that "[a]n allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship." Kerney, 624 F.2d at 719; see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person"); Beavers v. A.O. Smith Elec. Products Co., 265 Fed. Appx. 772, 778 (11th Cir. 2008)(per curiam)(subject matter jurisdiction lacking where class action complaint alleged only residences of the nearly 100 plaintiffs, not their states of citizenship).

As to the two putative class members for whom citizenship is alleged in the complaint, Plaintiff has failed to meet her burden of persuasion as to their citizenship. Plaintiff made no mention of these potential class members in her supplemental brief and instead rested entirely on the out-of-state residency of eight putative class members. Plaintiff could have contacted one or both of these individuals to determine if they were interested in joining the class, or could have obtained affidavits attesting to their citizenship. Likewise, as to the eight out-of-staters, Plaintiff could have requested their contact information from Stenotype – and, if it was not freely given, filed a motion to compel such information.[6] Having done none of the above, the Court finds Plaintiff's allegations are insufficient to support minimal diversity. As a result, jurisdiction under CAFA is inappropriate in this case.[7]

## III.    Conclusion

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n. 4 (11th Cir.1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); see also Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1261

---

[6] Defendants' stated privacy concern for these purported class members could have been addressed.

[7] Even assuming *arguendo* that Plaintiff could prove non-Floridian citizenship of at least one potential class member, thereby establishing original CAFA jurisdiction, it appears that the exercise of such jurisdiction would still be improper. A brief review of CAFA's local controversy and home state exceptions, 28 U.S.C. §§ 1332(d)(4)(A), (d)(4)(B), indicates that either – or both – would likely serve to bar CAFA jurisdiction over this case. However, as the Court has found minimal diversity, and thus original CAFA jurisdiction, to be lacking, it need not address the applicability of CAFA's exceptions.

(11th Cir.2000). For the reasons above, the Court finds that it lacks CAFA subject matter jurisdiction over this case. Accordingly, it is hereby

**ORDERED**:

Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of January, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:

counsel of record